LOVITT & HANNAN, INC.
Ronald Lovitt (State Bar No. 040921)
J. Thomas Hannan (State Bar No. 039140)
900 Front Street, Suite 300
San Francisco 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
Alan R. Plutzik (State Bar No. 77785)
Michael S. Strimling (State Bar No. 96135)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

Attorneys for the Schwartz Group
of Investors, Individually and On
Behalf of All Others Similarly
Situated, and Proposed Lead Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE LABINS, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION; CHARLES SCHWAB & CO., INC.; CHARLES SCHWAB INVESTMENT MANAGEMENT, INC.; CHARLES R. SCHWAB; EVELYN DILSAVER; RANDALL W. MERK; AND GEORGE PEREIRA,<br><br>Defendants. | Case No. CV-08-1510-WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES FOR THE SCHWARTZ GROUP OF INVESTORS OPPOSING MOTIONS OF OTHER GROUPS TO BE APPOINTED AS LEAD PLAINTIFFS**<br><br>Date: June 26, 2008<br>Time: 8:00 a.m.<br>Judge: The Hon. William Alsup |
| GERRY HAGEMAN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION, et al.,<br><br>Defendants. | CASE NO. CV 08-01733-CW |

| | |
|---|---|
| W. MERRILL GLASGOW, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION, et al.,<br><br>Defendants. | CASE NO. CV 08-01936-SI |
| NILS FLANZRAICH, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION et al.,<br><br>Defendants. | CASE NO. CV 08-01994-WHA |
| VINAYAK R. PAI DEFINED BENEFITS PENSION PLAN,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB CORPORATION, et al.,<br><br>Defendants. | CASE NO. CV 08-02058 WHA |

## I. INTRODUCTION AND SUMMARY

The "Schwartz Group" of Investors[1] hereby responds to the other motions for appointment as lead plaintiffs filed by other applicants.

The Schwartz Group are a related family group. The Schwartz Group has its own strong interest in this litigation and the ability to exercise its independent judgment and authority over attorneys. It came *as a related group* to the attorneys to recover on this investment. It thus fulfills the policies of the Private Securities Litigation Reform Act ("PSLRA") which are aimed at preventing the phenomenon of attorneys who overpower the interests of actual investors, directing the action for the benefit of the attorneys to the exclusion of the real input, advice or control by clients. The other proposed "groups" in this action are clearly unrelated people. The prime allegiance and decision making in such unrelated "groups" can be expected to reside in the attorneys rather than the supposed "groups" of clients. Further, losses of members of the other applicants have been determined on a "90-day mean share price after last day of class period." The losses of the Schwartz Group are actual, realized losses.

The Schwartz Group hereby renews its motion for appointment as Lead Plaintiffs, and approval of Lead Plaintiffs' choice of counsel. Should the Court find that members of other groups actually did not suffer larger losses or are otherwise unsuitable to be lead plaintiffs, the Schwartz Group is available and well suited to be lead plaintiff in these actions.

## II. FACTS

The groups that have filed motions to be lead counsel are the following:

*The Nils and Jill Flanzraich group,* filed by the law firm of Faruqui & Faruqui. Movants are informed that *Flanzraich group* and their attorneys will withdraw their motion, and that they will support the Schwartz Group in this motion, as the group which should be deemed the "most

---

[1] The Schwartz Group, which filed moving papers to be appointed lead plaintiffs, consists of Richard M. Schwartz, Trustee of the Celesta Schwartz Trust FBO Richard Schwartz under the Celesta Schwartz Revocable Trust Dtd June 12, 1992; Richard M. Schwartz, Trustee of the Meyer Schwartz Trust FBO Richard Schwartz under the Will of Meyer Schwartz, Deceased; the Charles C. Bell Limited Partnership; Casa Marin, a California Corporation; and Sheri Bell, individually and on behalf of C. Scott Bell pursuant to power of attorney.

adequate plaintiff" with the largest loss that is of a related group of investors not assembled together by attorneys.

*The Cunningham/Kale/Lewis group*, represented by the Stull, Stull & Brody firm. This group appears to claim a maximum of $111,401 in damages. Thus it is somewhat behind the losses of other groups under the presumption of what is the "most adequate" plaintiff under the PSLRA.

*The "YieldPlus Investor Group"* represented by the Hagens Berman Sobol Shapiro LLP law firm (the "Hagens Berman" firm). None of the members of the so-called "YieldPlus Investor Group" appears to be related to any other member, and there is nothing to indicate that it is anything but a group cobbled together by the Hagens Berman firm. Each calculation of losses of members of the YieldPlus Group uses a share price that is claimed to be the "90-day mean share price after the last Day of the Class Period" which they calculate as a price of 6.87. However, they filed the *Labins* action first on March 18, 2008, when the price was 7.88. This would cut their alleged "loss" nearly by half, since during almost all of the class period until February, the price of YieldPlus shares was within a range of 9.60 to 9.69. The group's charts also indicate that they use a "90-day mean share price" also to set the "value" of the "net shares acquired." It is not clear or transparent what shares were sold and for what price. Thus, it is indecipherable whether any of these unrelated individuals in this group has a loss comparable to the $231,642.10 actually lost by the Schwartz Group.

*The Peate Group*, a group of unrelated investors. Again, it does not appear that any of these unrelated individuals in this group has a actual, realized loss comparable to the $231,642.10 actually lost by the Schwartz Group.

*The Schwartz Group*, movants. Each member of the Schwartz Group is related by family affinity. They came as a group to the attorneys in search of recovery of their investment. They actually lost $231,642.10, without the use of mean-average prices or other economic constructs.

### III. LEGAL ARGUMENT

**A.   The Schwartz Group Is The Only Group of Investors that is Related and Fulfills the Goals of the PSLRA**

The Schwartz Group is the only group whose losses should be evaluated as a cohesive

whole under the PSLRA.

Under the PSLRA, the Court is to determine the "most adequate plaintiff" who is presumed to be "the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. §77z-1(a)(3)(B)(i) and (iii) (emphasis added).

However, to qualify as the "most adequate plaintiff," a group of investors should be a cohesive, closely related group, not a large, unrelated group of investors, cobbled together by attorneys. Courts have recognized that otherwise attorneys could advertise for plaintiffs and just compose a list the investors who responded, with the central player then still being the plaintiffs' attorneys. Such a result would contravene the central purpose of the PSLRA, which was to make the client substantial enough to direct the attorneys rather than vice-versa.

For example, in *McKitty v. Advanced Tissue Sciences, Inc. (In re Advanced Tissue Sciences Sec. Litig.)*, 184 F.R.D. 346, 352 (S.D.Cal. 1998), the Court refused to appoint a group consisting of "over 250 unrelated investors" because of the court's determination that doing so would be "inconsistent with the goal of restoring control over lawsuits to plaintiffs instead of counsel." *Id.*; *see also*, *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, at 408 (D. Minn. 1998) (declining to confer presumptive lead plaintiff status upon a "group" with many members because doing so "would threaten the interests of the class, would subvert the intent of Congress, and would be too unwieldy to allow for the just, speedy and inexpensive determination of this action").

The members of the Schwartz Group are a related family group – real clients with a real and large stake. The husband and wife trustees and the beneficiaries are related by family affinity. Their actual, realized losses – not valued on a "90-day average" after or during the class period – total more than $231,000. Thus, the Schwartz Group has a strong incentive to pursue the litigation vigorously.

As such, Movants fit the profile of the Proposed Lead Plaintiffs with "the largest financial interest in the relief sought." They are also the sort of related plaintiffs' group that is preferred under the PSLRA, and whose loss can be aggregated. Their actual, realized loss appears to exceed the actual, realized loss of any individual in any of the groups. As clients with substantial

incentive, independent of attorneys, to pursue the action, they are well qualified to serve as Lead Plaintiffs.

The Schwartz Group stands ready to assiduously pursue this action as Lead Plaintiffs for the benefit of the entire class.

### IV. CONCLUSION

The Schwarts Group is related and thus permitted under the PSLRA to aggregate their losses. Those actual and realized losses are $231,642.10. This appears to exceed the actual, realized losses of any individual in the other groups, which consist basically of unrelated individuals and whose supposedly larger losses were valued on the basis of 90-day averages. Thus, the Schwartz Group should be appointed Lead Plaintiffs.

Dated: June 5, 2008

LOVITT & HANNAN, INC.
Ronald Lovitt (State Bar No. 040921)
J. Thomas Hannan (State Bar No. 039140)
900 Front Street, Suite 300
San Francisco 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528

BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP
Alan R. Plutzik
Michael S. Strimling
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

_____/s/_____
Alan R. Plutzik

Attorneys for the Schwartz Group of Investors, Individually and On Behalf of All Others Similarly Situated, and Proposed Lead Counsel